# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RUBY ADKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0722** (BOR Appeal No. 2048012)
(Claim No. 2012009900)

**RALEIGH COUNTY COMMISSION ON AGING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rudy Adkins, by Stephen P. New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Raleigh County Commission on Aging, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 28, 2013, in which the Board affirmed a January 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 27, 2011, decision which closed the claim for temporary total disability benefits. The Office of Judges also affirmed the claims administrator's December 15, 2011, decision denying Ms. Adkins's request for a left knee arthroscopy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Adkins worked for Raleigh County Commission on Aging, Inc. On August 8, 2011, Ms. Adkins injured her left leg, knee, and shoulder when a client pushed her against a door. Ms. Adkins did not initially seek medical treatment for her injury, and she returned to work immediately following the injury. A month later, Ms. Adkins had an x-ray taken of her left knee at Raleigh General Hospital which revealed no acute bone or joint abnormality. The x-ray did reveal degenerative joint disease, particularly on the medial surface. Ms. Adkins then came under

1

the care of Matthew Nelson, M.D., who found that her knee pain had grown worse. Dr. Nelson recommended that she remain off work from September 21, 2011, through January 7, 2012. Ms. Adkins then filed an application for workers' compensation benefits, and the claims administrator held her claim compensable for a lower leg injury and a sprain of the knee. An MRI was then taken of Ms. Adkins's left knee which revealed a medial meniscus tear. Dr. Nelson requested a left knee arthroscopy based on the results of the MRI. Prasadarao B. Mukkamala, M.D., reviewed the MRI findings and recommended against authorizing the arthroscopy. He found that the meniscus tear was not related to the compensable injury. Dr. Mukkamala found that it was unlikely the tear was caused by the injury since Ms. Adkins had been able to work for over a month following the date of the injury. Dr. Mukkamala suggested that the tear was more likely related to degeneration of the knee. On December 15, 2011, the claims administrator denied authorization for left knee arthroscopic surgery. On December 27, 2011, the claims administrator closed Ms. Adkins's claim for temporary total disability benefits. Dr. Nelson then testified by deposition, stating he believed the requested surgery would help Ms. Adkins's knee. He also suggested that the type of meniscus tear that Ms. Adkins had sustained appeared to be the result of an acute injury. Dr. Nelson also stated that Ms. Adkins would not be able to work for twelve weeks following the arthroscopic surgery. Dr. Mukkamala then reviewed Ms. Adkins's records again. He found that the meniscal tear and Ms. Adkins's need for surgery was related to a degenerative condition. Dr. Mukkamala also found that Ms. Adkins was not disabled due to her compensable injury because she continued to work for a month following the date of injury. On January 4, 2013, the Office of Judges affirmed both of the claims administrator's decisions. The Board of Review affirmed the Order of the Office of Judges on June 28, 2013, leading Ms. Adkins to appeal.

The Office of Judges concluded that the requested left knee arthroscopy was not related to the compensable injury. The Office of Judges determined that the surgery was requested to repair Ms. Adkins's medial meniscus tear. It found that the only compensable conditions of the claim were a lower leg injury and a knee sprain. The Office of Judges determined that the requested knee surgery was not related to either condition. The Office of Judges also concluded that Ms. Adkins's absence from work was not due to her compensable injury and her claim was properly closed for temporary total disability benefits. In reaching this conclusion, the Office of Judges relied on the report of Dr. Mukkamala. The Office of Judges found that Ms. Adkins stopped working over a month after the date of her compensable injury because she had a meniscus tear which was not a compensable condition of the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Adkins has not demonstrated that the requested arthroscopic left knee surgery is medically related and reasonably required to treat her compensable conditions. All the medical evidence in the record relates the requested surgery to Ms. Adkins's meniscus tear, which is not a compensable condition of the claim. Additionally, the requested surgery is not an appropriate method of treating the unspecified leg injury and knee sprain which have been held to be compensable. West Virginia Code of State Rules § 85-20-43.2(b) (2006). Ms. Adkins has also not demonstrated that she is entitled to any temporary total disability benefits related to her compensable injury. Ms. Adkins returned to work immediately following her compensable injury

2

and continued to work for more than a month. The evidence in the records shows that her inability to work at this point was related to her meniscus tear. She is not entitled to disability benefits related to this condition which has not been held compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum